IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DB INSURANCE CO., LTD. (US BRANCH), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 5:24-cv-122 |
| LOAD RUNNERS LOGISTICS, INC., ASSET BASED INTERMODAL, INC., and SAMUEL ISRAEL, | ) ) ) ) ) |
| Defendants. | ) |

**DB INSURANCE CO., LTD (US BRANCH)'S COMPLAINT
FOR DECLARATORY RELIEF**

DB INSURANCE CO, LTD. (US BRANCH) ("DB Insurance") files this Complaint against Load Runners Logistics, Inc., Asset Based Intermodal, Inc., and Samuel Israel, seeking a declaratory judgment that it does not have a duty to defend or indemnify Load Runners Logistics, Inc. or Asset Based Intermodal, Inc. from a personal injury lawsuit that Samuel Israel filed against them:

**PARTIES**

**1.** DB Insurance is a corporation domiciled and organized under the laws of the Republic of Korea, and has its principal place of business in the Republic of Korea.

**2.** Defendant Load Runners Logistics, Inc. (hereafter "Load Runners") is a corporation organized under the laws of Texas and has its principal place of business in Texas. Load Runners may be served through its registered agent, Rodrick D. Echols, at 7503 Autumn Lodge, Converse, Texas, 78109, or wherever he may be found.

1

3.  Defendant Asset Based Intermodal, Inc. (hereafter, "ABI") is a corporation organized under the laws of Delaware with its principal place of business in Texas. ABI may be served through its registered agent, LeeAnn Ingram, at 1220 E. First Street, Garland, Texas 75040, or wherever she may be found.

4.  Defendant Samuel Israel is an individual domiciled in Bexar County, Texas.

**JURISDICTION & VENUE**

5.  Under 28 U.S.C. § 1332, this Court has original jurisdiction over this action because there is complete diversity of citizenship between Plaintiff DB Insurance, a citizen of the Republic of Korea, and all of the defendants, who are citizens of Texas, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.  The subject of this declaratory judgment action is coverage under an insurance policy for a claim arising from the Underlying Lawsuit, as defined below. An actual, justiciable controversy exists between the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and Rule 567 of the Federal Rules of Civil Procedure. Specifically, Load Runners has sought defense and indemnity benefits under the Policy because of the Underlying Lawsuit, vesting the Court with the power to declare and adjudicate the rights and relationships of the parties to this action with reference to the issues raised by this Complaint.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to DB Insurance's claims occurred and continue to occur in this District. The policy was issued to Load Runners, which is located in Bexar County, Texas, the Underlying Lawsuit is pending in Bexar County, Texas, and Load Runners' related demands for defense and indemnity have arisen in Bexar County, Texas.

**FACTUAL BACKGROUND**

8. DB Insurance issued a motor carrier insurance policy, Policy No. TCA-P000659-00 ("Policy"), to Load Runners as the Named Insured, with an effective coverage period of June 19, 2023 to June 19, 2024. A true and complete copy of the Policy is attached as **Exhibit 1.**

9. The Policy's Motor Carrier Coverage Form (Form CA 00 20 10 13) provides insurance coverage of various types, subject to the terms therein and all other applicable Policy terms. Section II of that coverage form, titled "Covered Autos Liability Coverage," contains the following "Employee Indemnification and Employer's Liability" exclusion:

> **MOTOR CARRIER COVERAGE FORM**
> **SECTION II –COVERED AUTOS LIABILITY COVERAGE**
> \* \* \*
> **B. Exclusions**
>
> This insurance does not apply to any of the following:
>
> **4. Employee Indemnification and Employer's Liability**
>
> "Bodily injury" to:
>
> a. An "employee" of the "insured" arising out of and in the course of:
>
> (1) Employment by the "insured"; or
>
> (2) Performing the duties related to the conduct of the "insured's" business; or
>
> b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.
>
> This exclusion applies:
>
> (1) Whether the "insured" may be liable as an employer or in any other capacity;
>
> and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

10. The Policy's Motor Carrier Coverage Form also has the following definitions:

**3**

**SECTION VI – DEFINITIONS**

\* \* \*

**C.** "Bodily Injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

\* \* \*

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\* \* \*

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

11. An MCS-90 Endorsement attached to the Policy states:

Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 And 30 of the Motor Carrier Act of 1980

# FORM MCS-90

**Issued to** ROAD RUNNERS LOGISTICS, INC.     **OF** TX

**Dated at** 06/19/2023   **on this** __ **day of** _____ , _____

**Amending Policy Number:** TCA-P000659-00     **Effective Date:** 06/19/2023

**Name of Insurance Company:** DB Insurance Co., Ltd.

The policy to which this endorsement is attached provides primary or excess insurance, as indicated for the limits shown (check only one):

X *This insurance is primary and the company shall not be liable for amounts in excess of $750,000      for each accident.*

\* \* \*

**DEFINITIONS AS USED IN THIS ENDORSEMENT**

*Accident* includes continuous or repeated exposure to conditions or which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

*Motor Vehicle* means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

*Bodily Injury* means injury to the body, sickness, or disease to any person, including death resulting from any of these.

*Property Damage* means damage to or loss of use of tangible property.

\* \* \*

*Public Liability* means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. ***Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment,*** or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

> The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.
>
> (***Emphasis*** added.)

12. Defendant Samuel Israel claims that, on or around July 12, 2023, he was injured by carbon monoxide poisoning while driving a tractor-trailer for Load Runners and ABI.

13. On October 12, 2023, Mr. Israel sued Load Runners and ABI in the 224th District Court of Bexar County, Texas, Case No. 2023CI22237 ("Underlying Lawsuit"). A true and complete copy of Mr. Israel's *Original Petition* is attached as **Exhibit "2."**

14. In the Underlying Lawsuit, Israel alleges:

> 4.1 On or about July 12, 2023, Plaintiff, SAMUEL ISRAEL, was severely injured while he was driving an 18 wheeler for Defendants. At the time of the incident, Plaintiff was an employee of the Defendants. Defendants are non-subscribers to workers compensation. Plaintiff SAMUEL ISRAEL driving an 18 wheeler on behalf of Defendants with Defendants knowledge. Thus, Plaintiff was an employee of Defendants on the date of the incident described in this pleading. As Plaintiff was driving, he noticed smoke coming out of the air vents and into the cab of the tractor. Plaintiff notified his supervisor of the problem and was told that while repairs needed to be made to the vehicle, he should complete his trip and that the vehicle was safe to drive. Plaintiff pulled over into the Loves Travel Stop in El Paso, Texas and started to feel faint and ended up collapsing. Plaintiff was taken to the ICU of the hospital and diagnosed with carbon monoxide poisoning. Defendants had knowledge of the problem with the tractor and Defendants failed to rectify the dangerous condition, failed to maintain the vehicle properly, and failed to warn Plaintiff of the dangerous condition all of which, either singularly or collectively, caused the Plaintiff's resulting injuries.
>
> (Exhibit 2, p. 2.)

15. Based on these allegations, Mr. Israel seeks damages from Load Runners and ABI for his alleged past and future physical pain and suffering, past and future mental anguish, past

and future impairment, past and future medical expenses, past and future lost wages, and past and future lost earning capacity. *Id.*, p. 4.  Mr. Israel pleads for damages in excess of $250,000. *Id.*

16.     DB Insurance is defending Load Runners in the Underlying Lawsuit, subject to a complete reservation of DB Insurance's rights under the Policy because of the "Employee Indemnification and Employer's Liability" exclusion and all other exclusions, conditions, and/or Policy terms that may bar coverage.  A true and complete copy of the reservation of rights letter that DB Insurance issued to Load Runners is attached hereto as **Exhibit 3**.

## COUNT I – DECLARATORY RELIEF

17.     DB Insurance repeats and re-alleges the allegations in the preceding paragraphs.

18.     DB Insurance seeks the Court's declaration of the parties' rights and duties under the Policy pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

19.     An actual, justiciable controversy exists between DB Insurance, Load Runners, and ABI about whether the E&O Policy provides coverage for the Underlying Lawsuit.  Specifically, Load Runners has sought defense and indemnity benefits under the Policy because of the Underlying Lawsuit, vesting the Court with the power to declare and adjudicate the rights and relationships of the parties to this action with reference to the issues raised by this Complaint.

20.     The controversy is ripe for judicial review.

21.     DB Insurance respectfully requests this Court declare that there is no coverage under the Policy for the Underlying Lawsuit because of the "Employee Indemnification and Employer's Liability" exclusion.

22.     DB Insurance further requests that this Court declare that DB Insurance has no obligation under the Policy's MCS-90 Endorsement to pay any final judgment in the Underlying Lawsuit because that endorsement, by its express terms, "does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported

by the insured, designated as cargo." Because Mr. Israel alleges in the Underlying Lawsuit that he was Load Runners' and ABI's employee and was injured in the course and scope of that employment, the MCS-90 Endorsement does not apply.

### **RELIEF REQUESTED**

For the reasons set forth in this Complaint, DB Insurance requests a declaratory judgment from the Court that DB Insurance, under the terms of the Policy (including its MCS-90 Endorsement), does not have a duty to defend or indemnify Load Runners or ABI against the Underlying Lawsuit, as well as any other relief the Court deems just and proper.

February 5, 2024.                              Respectfully submitted,

**GORDON & REES**

*/s/ Robert A. Bragalone*
**ROBERT A. BRAGALONE**
Texas State Bar No. 02855850
bbragalone@grsm.com
**B. RYAN FELLMAN**
Texas Bar No. 24072544
rfellman@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**ATTORNEYS FOR PLAINTIFF DB INSURANCE CO., LTD. (US BRANCH)**